UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:_____

AKEL HOMES LLC; and
ACR ACQUISITION, LLC,

    Plaintiffs,

vs.

G.L. HOMES OF FLORIDA CORPORATION

    Defendant.
_____/

## COMPLAINT

Plaintiff AKEL HOMES LLC, and ACR ACQUISITION, LLC, by and through their undersigned counsel, brings this Complaint against G.L. HOMES OF FLORIDA CORPORATION, and alleges as follows:

### FACTS COMMON TO AND APPLICABLE TO ALL COUNTS

**THE PARTIES**

1. Plaintiff AKEL HOMES LLC ("AKEL") is a Florida Limited Liability Company with a principal address at 7111 Fairway Drive, Suite 210, Palm Beach Gardens, Palm Beach County, Florida 33418, within this Judicial District and Division.

1

2. Plaintiff ACR ACQUISITION, LLC ("ACR") is a Delaware Limited Liability Company with a principal address at 7111 Fairway Drive, Suite 210, Palm Beach Gardens, Palm Beach County, Florida 33418, within this Judicial District and Division.

3. Defendant G.L. HOMES OF FLORIDA CORPORATION ("GL"), is, on information and belief, a Florida Corporation having a principal place of business at 1600 Sawgrass Corp Parkway, Suite 400, Sunrise, Broward County, Florida 33323, within this Judicial District.

**JURISDICTION AND VENUE**

4. This is a suit for Declaratory Judgment of invalidity and non-infringement of a United States Copyright. This Court has original and exclusive jurisdiction pursuant to 28 U.S.C. §1338(a) because this action arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq* and pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201

5. Venue is proper in this Judicial District and Division pursuant to 28 U.S.C. § 1391 because the claim arose in this Judicial District and Division.

**BACKGROUND FACTS**

6. AKEL has, for many years, built and sold homes in various communities within Palm Beach County, Florida.

7. AKEL has, in connection with building and selling homes as described in the preceding paragraph, utilized sales offices such as those built in trailers and those built in a home which has been temporarily repurposed as a sales office and then restored as a home for sale.

8. GL has, for many years, built and sold homes in various communities within Palm Beach County, Florida.

9. GL has, in connection with building and selling homes as described in the preceding paragraph, utilized sales offices such as those built in trailers and those built in a home which has been

temporarily repurposed as a sales office and then restored as a home for sale.

10. The present dispute involves the building and selling of homes by AKEL in the Catalina Palms at Sundance development on land owned by ACR and the building and selling of homes by GL in the adjacent Riverland Community.

11. GL claims a copyright in architectural plans for a sales center ("Riverland") and has asserted a copyright infringement claim against AKEL and ACR for AKEL's plans for AKEL's Catalina Palms at Sundance sales center on June 27, 2025, thereby creating a justiciable controversy and a cloud upon AKEL's and ACR's business, and which will interfere with AKEL's business and harm AKEL's and ACR's business.

12. On information and belief, GL relies on copyright registration VA 002450381 dated June 25, 2025, a copy of which is attached as Exhibit 1.

## COUNT ONE – DECLARATORY JUDGMENT OF NO COPYRIGHT INFRINGEMENT

13. Plaintiffs AKEL and ACR repeat and realleges paragraphs 1- 12 above as fully and completely as if set forth herein verbatim.

14. Common elements in sales centers for residential communities include *inter alia,* entrance doors, exit doors, reception areas, windows, breakout areas for staff, kitchen, bathroom, individual offices (such as for potential buyers to work out purchase details), displays of available vacant sites, displays of available homes, and displays of available options to be installed in homes.

15. GL's Riverland plans include many common elements for sales centers including but not limited to those in the preceding paragraph.

16. AKEL's Catalina Palms at Sundance sales center plans differs from GL's Riverland plans at least as to the non-common elements.

17. AKEL's Catalina Palms at Sundance sales center plans differs from GL's Riverland plans at least as to the size and shape of the sales center, the number of offices within the sales center, the sizes of the offices within the sales center, the size and configuration of the reception area, the location of bathroom facilities, and the size and configuration of the employee break area.

18. If GL's Riverland plans constitute protectable subject matter, which AKEL and ACR dispute, AKEL'S Catalina Palms at Sundance sales center plans do not copy any protectable elements and do not infringe GL's copyright in its Riverland plans. 17 U.S.C. §101; 17 U.S.C. § 102 (a); 17 U.S.C. §103(b).

## COUNT TWO – DECLARATORY JUDGMENT OF COPYRIGHT INVALIDITY

19. Plaintiffs AKEL and ACR repeat and reallege paragraphs 1-12, 14 and 15 above as fully and completely as if set forth herein verbatim.

20. GL did not identify the plans for any of its prior sales offices when applying for copyright registration on the Riverland plans.

21. GL did not identify its Riverland plans as a derivative work based on all its prior sales office plans when applying for copyright registration on the Riverland plans.

22. GL's Riverland plans contain, at best, variations of prior sales office plans that are insufficient to meet the requirements of an original work of authorship under 17 U.S.C. § 101 and/or 17 U.S.C. §102.

**WHEREFORE**, AKEL and ACR pray for the following relief:

A. That this Court enter judgment of no copyright infringement in favor of AKEL and

ACR and against GL with respect to AKEL's Catalina Palms at Sundance sales office plans;

B.	That this Court enter judgment of copyright invalidity of GL's Riverland plans;

C.	That this Court preliminarily and permanently enjoin GL and its principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons acting in active concert or participation with them, from further assertions of copyright infringement against AKEL and/or ACR;

D.	That this Court award AKEL and ACR their reasonable attorney fees and costs;

E.	That this Court award AKEL and ACR their taxable costs; and

F.	For such other and further relief as the Court deems appropriate.


Dated: July 8, 2025.	Respectfully submitted,

s/ *Jerold I. Schneider*
Jerold I. Schneider, Florida Bar No.: 26975
SCHNEIDER IP LAW
21048 95th Ave S., Suite D-206
Boca Raton, FL 334828
Telephone: (561) 309-5374
*Attorney for Plaintiff*